# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | |
| **Alan Snowden and Robin Snowden** | **RE: 261 River Road, Bucksport, ME 04416** |
| **Defendants** | |
| **Town of Bucksport Community Development Program** | |
| **Party-in-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Alan Snowden and Robin Snowden, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendants, Alan Snowden and Robin Snowden, are the obligor and the total amount owed under the terms of the Note is One Hundred Fifty Five Thousand Three Hundred Ninety One Dollars and Three Cents ($155,391.03), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a National Association with its principal place of business located at 425 Walnut Street, Cincinnati, OH 45202-3923.

5. The Defendant, Alan Snowden, is a resident of Bucksport, County of Hancock and State of Maine.

6. The Defendant, Robin Snowden, is a resident of Bucksport, County of Hancock and State of Maine.

7. The Party-in-Interest, Town of Bucksport Community Development Program, is located at 31 Central Street Suite, 208, Bangor, ME 04401.

## FACTS

8. On August 31, 2005, by virtue of a Warranty Deed from Frank J. Boyle, which is recorded in the Hancock County Registry of Deeds in **Book 4285, Page 90**, the property situated at 261 River Road, County of Hancock, and State of Maine, was conveyed to the Defendants, Alan Snowden and Robin Snowden, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On August 31, 2005, the Defendants, Alan Snowden and Robin Snowden, executed and delivered to Fieldstone Mortgage Company a certain Note in the amount of $103,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. On June 6, 2017, the Defendants, Alan Snowden and Robin Snowden, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit C (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

11. The Demand Letter informed the Defendants, Alan Snowden and Robin Snowden, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit C.

12. The Defendants, Alan Snowden and Robin Snowden, failed to cure the default prior to the expiration of the Demand Letter.

13. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder, payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

14. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note.

15. Town of Bucksport Community Development Program is a Party-in-Interest pursuant to a Rehabilitation Grant Selling Agreement in the amount of $4,935.00 dated October 16, 2006, and recorded in the Hancock County Registry of Deeds in **Book 4659, Page 1** and is in second position behind Plaintiff's mortgage.

16. The total debt owed under the Note as of August 30, 2018 if no payments are made is One Hundred Fifty Five Thousand Three Hundred Ninety One Dollars and Three Cents ($155,391.03), which includes Unpaid Principal Balance in the amount of Ninety Four Thousand Thirty Two Dollars and Twenty Six Cents ($94,032.26); Interest Due in the amount of Forty Four Thousand Seven Hundred Sixty Nine Dollars and Fifteen Cents ($44,769.15); Escrow/Impound Required in the amount of Eleven Thousand One Hundred Three Dollars and Zero Cents ($11,103.00); Funds to be Credited in the amount of Five Hundred Thirty Seven Dollars and Two Cents ($-537.02); and Total Advances in the amount of Six Thousand Twenty Three Dollars and Sixty Four Cents ($6,023.64). *See* Exhibit D (a true and correct copy of the Payment History is attached hereto and incorporated herein).

17. Upon information and belief, the Defendants, Alan Snowden and Robin Snowden, are presently in possession of the subject property originally secured by the Note.

18. The Defendants are not in the Military. *See* Exhibit E (a true and correct copy of the Affidavit Relating to Military Search is attached hereto and incorporated herein).

## COUNT I – BREACH OF NOTE

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 18 as if fully set forth herein.

20. On August 31, 2005, the Defendants, Alan Snowden and Robin Snowden, executed and delivered to Fieldstone Mortgage Company a certain Note in the amount of $103,000.00. *See* Exhibit B.

21. The Defendants, Alan Snowden and Robin Snowden, are in default for failure to properly tender the November 1, 2013 payment and all subsequent payments. *See* Exhibit C.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Alan Snowden and Robin Snowden.

23. The Defendants, Alan Snowden and Robin Snowden, having failed to comply with the terms of the Note, are in breach of the Note.

24. The Defendants Alan Snowden and Robin Snowden's breach is knowing, willful, and continuing.

25. The Defendants Alan Snowden and Robin Snowden's breach have caused the Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

26. The total debt owed under the Note as of August 30, 2018 is One Hundred Fifty Five Thousand Three Hundred Ninety One Dollars and Three Cents ($155,391.03), which includes Unpaid Principal Balance in the amount of Ninety Four Thousand Thirty Two Dollars and Twenty Six Cents ($94,032.26); Interest Due in the amount of Forty Four Thousand Seven Hundred Sixty Nine Dollars and Fifteen Cents ($44,769.15);

Escrow/Impound Required in the amount of Eleven Thousand One Hundred Three Dollars and Zero Cents ($11,103.00); Funds to be Credited in the amount of Five Hundred Thirty Seven Dollars and Two Cents ($-537.02); and Total Advances in the amount of Six Thousand Twenty Three Dollars and Sixty Four Cents ($6,023.64). *See* Exhibit D.

27. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT II – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

28. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 27 as if fully set forth herein.

29. By executing, under seal, and delivering the Note, the Defendants, Alan Snowden and Robin Snowden, entered into a written contract with Fieldstone Mortgage Company who agreed to loan the amount of $103,000.00 to the Defendants. *See* Exhibit B.

30. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Fieldstone Mortgage Company, and has performed its obligations under the Note.

31. The Defendants, Alan Snowden and Robin Snowden, breached the terms of the Note by failing to properly tender the November 1, 2013 payment and all subsequent payments. *See* Exhibit C.

32. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Alan Snowden and Robin Snowden.

33. The Defendants, Alan Snowden and Robin Snowden, having failed to comply with the terms of the Note, are in breach of contract.

34. The Defendants, Alan Snowden and Robin Snowden, are indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of One Hundred Fifty Five Thousand Three Hundred Ninety One Dollars and Three Cents ($155,391.03), for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendants.

35. Defendants Alan Snowden and Robin Snowden's breach is knowing, willful, and continuing.

36. Defendants Alan Snowden and Robin Snowden's breach have caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, taxes and other costs as well as attorney's fees and costs.

37. The total debt owed under the Note as of August 30, 2018 is One Hundred Fifty Five Thousand Three Hundred Ninety One Dollars and Three Cents ($155,391.03), which includes Unpaid Principal Balance in the amount of Ninety Four Thousand Thirty Two Dollars and Twenty Six Cents ($94,032.26); Interest Due in the amount of Forty Four Thousand Seven Hundred Sixty Nine Dollars and Fifteen Cents ($44,769.15); Escrow/Impound Required in the amount of Eleven Thousand One Hundred Three Dollars and Zero Cents ($11,103.00); Funds to be Credited in the amount of Five Hundred Thirty Seven Dollars and Two Cents ($-537.02); and Total Advances in the amount of Six Thousand Twenty Three Dollars and Sixty Four Cents ($6,023.64). *See* Exhibit D.

38. Injustice can only be avoided by awarding damages for the total amount owed under the Note, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT III – QUANTUM MERUIT

39. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. Fieldstone Mortgage Company, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendants, Alan Snowden and Robin Snowden, $103,000.00.  *See* Exhibit B.

41. The Defendants, Alan Snowden and Robin Snowden, are in default for failure to properly tender the November 1, 2013 payment and all subsequent payments.  *See* Exhibit C.

42. As a result of the Defendants' failure to perform under the terms of their obligation, the Defendants, Alan Snowden and Robin Snowden, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

43. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit.*

44. The total debt owed under the Note as of August 30, 2018 is One Hundred Fifty Five Thousand Three Hundred Ninety One Dollars and Three Cents ($155,391.03), which includes Unpaid Principal Balance in the amount of Ninety Four Thousand Thirty Two Dollars and Twenty Six Cents ($94,032.26); Interest Due in the amount of Forty Four Thousand Seven Hundred Sixty Nine Dollars and Fifteen Cents ($44,769.15); Escrow/Impound Required in the amount of Eleven Thousand One Hundred Three Dollars and Zero Cents ($11,103.00); Funds to be Credited in the amount of Five Hundred Thirty Seven Dollars and Two Cents ($-537.02); and Total Advances in the amount of Six Thousand Twenty Three Dollars and Sixty Four Cents ($6,023.64).  See Exhibit D.

## COUNT IV –UNJUST ENRICHMENT

45. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. Fieldstone Mortgage Company, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendants, Alan Snowden and Robin Snowden, $103,000.00. *See* Exhibit B.

47. The Defendants, Alan Snowden and Robin Snowden, have failed to repay the loan obligation, interest and other sums expended by the Plaintiff, such as taxes.

48. As a result, the Defendants, Alan Snowden and Robin Snowden, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Fieldstone Mortgage Company by having received the aforesaid benefits and money and not repaying said benefits and money.

49. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

50. The total debt owed under the Note as of August 30, 2018 is One Hundred Fifty Five Thousand Three Hundred Ninety One Dollars and Three Cents ($155,391.03), which includes Unpaid Principal Balance in the amount of Ninety Four Thousand Thirty Two Dollars and Twenty Six Cents ($94,032.26); Interest Due in the amount of Forty Four Thousand Seven Hundred Sixty Nine Dollars and Fifteen Cents ($44,769.15); Escrow/Impound Required in the amount of Eleven Thousand One Hundred Three Dollars and Zero Cents ($11,103.00); Funds to be Credited in the amount of Five Hundred Thirty Seven Dollars and Two Cents ($-537.02); and Total Advances in the amount of Six Thousand Twenty Three Dollars and Sixty Four Cents ($6,023.64). See Exhibit D.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Find that the Defendants, Alan Snowden and Robin Snowden, are in breach of the Note by failing to make payment due as of November 1, 2013, and all subsequent payments;

b) Find that the Defendants, Alan Snowden and Robin Snowden, entered into a contract for a sum certain in exchange for a loan;

c) Find that the Defendants, Alan Snowden and Robin Snowden, are in breach of contract by failing to comply with the terms and conditions of the Note by failing to make the payment due November 1, 2013 and all subsequent payments;

d) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note;

e) Find that by virtue of the money retained by the Defendants, Alan Snowden and Robin Snowden have been unjustly enriched at the Plaintiff's expense;

f) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

g) Find that the Defendants, Alan Snowden and Robin Snowden, are liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

h) Find that the Defendants, Alan Snowden and Robin Snowden, are liable to the Plaintiff for quantum meruit;

i)  Find that the Defendants, Alan Snowden and Robin Snowden, have appreciated and retained the benefit of the Note and the subject property;

j)  Find that it would be inequitable for the Defendants, Alan Snowden and Robin Snowden, to continue to appreciate and retain the benefit of the Note and subject property without recompensing the appropriate value;

k)  Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendants, Alan Snowden and Robin Snowden;

l)  Determine the amount due on said Note, including principal, interest, reasonable attorney's fees and court costs;

m)  Additionally, issue a money judgment against the Defendants, Alan Snowden and Robin Snowden, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of One Hundred Fifty Five Thousand Three Hundred Ninety One Dollars and Three Cents ($155,391.03), the total debt owed under the Note plus interest and costs including attorney's fees and costs;

n)  For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust,
By its attorneys,

Dated: September 21, 2018

/s/ John A. Doonan
John Doonan, Esq. (BBO No.: 3250)
Reneau J. Longoria, Esq. (BBO No.: 5746)
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
MaineService@dgandl.com