UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

U.S. BANK TRUST, N.A., as Trustee
for LSF9 Master Participation Trust,

PLAINTIFF

v.

ALAN SNOWDEN, ET. AL,                    Civil Action No. 1:18-cv-00387-NT

DEFENDANT

## ANSWER

NOW COME the Defendants, Alan Snowden and Robin Snowden, by and through their attorney, Frank D'Alessandro, Pine Tree Legal Assistance, and in Answer to Plaintiff's Complaint state as follows:

### JURISDICTION AND VENUE

1. Defendants have insufficient information to determine the truth of the allegations set forth in paragraph # 1 of Plaintiff's Complaint and therefore deny the same. In further answer to the allegations set forth in paragraph # 1 of Plaintiff's Complaint, Defendants state that the question of whether the Plaintiff can be considered to be a citizen of the State of Maine for diversity purposes is dependent upon the place of residence of the owners of LSF9 Master Participation Trust and the Complaint contains no allegations as to the places of residence of those owners.

2. Defendants admit the allegations set forth in paragraph # 2 of Plaintiff's Complaint concerning the original amount due on the note but deny that Plaintiff is entitled to the judgment prayed for in this case.

3. Defendants admit the allegations set forth in paragraph # 3 of Plaintiff's Complaint.

1

Case 1:18-cv-00387-JDL   Document 8   Filed 10/16/18   Page 2 of 7   PageID #: 120

## PARTIES

4. Defendants have insufficient information to determine the truth of the allegations set forth in paragraph # 4 of Plaintiff's Complaint and therefore deny the same.

5. Defendants admit the allegations set forth in paragraph # 5 of Plaintiff's Complaint.

6. Defendants admit the allegations set forth in paragraph # 6 of Plaintiff's Complaint.

7. Defendants have insufficient information to determine the truth of the allegations set forth in paragraph # 7 of Plaintiff's Complaint and therefore deny the same.

## FACTS

8. Defendants admit the allegations set forth in paragraph # 8 of Plaintiff's Complaint.

9. Defendants admit the allegations set forth in paragraph # 9 of Plaintiff's Complaint.

10. Defendants deny the allegations set forth in paragraph # 10 of Plaintiff's Complaint. In further response to the allegations set forth in paragraph # 10 of Plaintiff's Complaint the Defendants state that they never received a Notice of Mortgagor's Right to Cure.

11. Defendants deny the allegations set forth in paragraph # 11 of Plaintiff's Complaint. In further response to the allegations set forth in paragraph # 11 of Plaintiff's Complaint the Defendants state that they never received a Notice of Mortgagor's Right to Cure.

12. Defendants deny the allegations set forth in paragraph # 12 of Plaintiff's Complaint. In further response to the allegations set forth in paragraph # 12 of Plaintiff's Complaint the Defendants state that they never received a Notice of Mortgagor's Right to Cure.

13. Defendants deny the allegations set forth in paragraph # 13 of Plaintiff's Complaint.

14. Defendants deny the allegations set forth in paragraph # 14 of Plaintiff's Complaint.

15. Defendants admit the allegations set forth in paragraph # 15 of Plaintiff's Complaint.

16. Defendants deny the allegations set forth in paragraph # 16 of Plaintiff's Complaint.

17. Defendants admit the allegations set forth in paragraph # 17 of Plaintiff's Complaint.

18. Defendants admit the allegations set forth in paragraph # 18 of Plaintiff's Complaint.

## COUNT I –BREACH OF NOTE

19. Defendants restates and realleges paragraphs 1-18 of their Answer as if fully set forth herein.

20. Defendants admit the allegations set forth in paragraph # 20 of Plaintiff's Complaint.

21. Defendants deny the allegations set forth in paragraph # 21 of Plaintiff's Complaint.

22. Defendants deny the allegations set forth in paragraph # 22 of Plaintiff's Complaint.

23. Defendants deny the allegations set forth in paragraph # 23 of Plaintiff's Complaint.

24. Defendants deny the allegations set forth in paragraph # 24 of Plaintiff's Complaint.

25. Defendants admit the allegations set forth in paragraph # 25 of Plaintiff's Complaint.

26. Defendants admit the allegations set forth in paragraph # 26 of Plaintiff's Complaint.

27. Defendants deny the allegations set forth in paragraph # 27 of Plaintiff's Complaint.

## COUNT II – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

28. Defendants reasserts and realleges paragraphs 1-27 of his Answer as if fully set forth herein.

29. Defendants admit the allegations set forth in paragraph # 29 of Plaintiff's Complaint.

30. Defendants deny the allegations set forth in paragraph # 30 of Plaintiff's Complaint.

31. Defendants deny the allegations set forth in paragraph # 31 of Plaintiff's Complaint.

32. Defendants deny the allegations set forth in paragraph # 32 of Plaintiff's Complaint.

33. Defendants deny the allegations set forth in paragraph # 33 of Plaintiff's Complaint.

34. Defendants deny the allegations set forth in paragraph # 34 of Plaintiff's Complaint.

35. Defendants deny the allegations set forth in paragraph # 35 of Plaintiff's Complaint.

36. Defendants deny the allegations set forth in paragraph # 36 of Plaintiff's Complaint.

37. Defendants deny the allegations set forth in paragraph # 37 of Plaintiff's Complaint.

38. Defendants deny the allegations set forth in paragraph # 38 of Plaintiff's Complaint.

## COUNT III – QUANTUM MERIT

39. Defendants reasserts and realleges paragraphs 1-38 of their Answer as if fully set forth herein.

40. Defendants admit the allegations set forth in paragraph # 40 of Plaintiff's Complaint.

41. Defendants deny the allegations set forth in paragraph # 41 of Plaintiff's Complaint.

42. Defendants deny the allegations set forth in paragraph # 42 of Plaintiff's Complaint.

43. Defendants deny the allegations set forth in paragraph # 43 of Plaintiff's Complaint.

44. Defendants deny the allegations set forth in paragraph # 44 of Plaintiff's Complaint.

## COUNT IV – UNJUST ENRICHMENT

45. Defendants reasserts and realleges paragraphs 1-44 of their Answer as if fully set forth herein.

46. Defendants deny the allegations set forth in paragraph # 46 of Plaintiff's Complaint.

47. Defendants deny the allegations set forth in paragraph # 47 of Plaintiff's Complaint.

48. Defendants deny the allegations set forth in paragraph # 48 of Plaintiff's Complaint.

49. Defendants deny the allegations set forth in paragraph # 49 of Plaintiff's Complaint.

50. Defendants deny the allegations set forth in paragraph # 50 of Plaintiff's Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

51. Defendants reasserts and realleges paragraphs 1-50 of his Answer as if fully set forth herein.

52. Plaintiff's Complaint fails to state facts showing that this Court have subject matter jurisdiction because it does not state facts showing that there is diversity jurisdiction between the Defendant, a Maine resident, and all of the owners of the LSF9 Master Participation Trust.

53. Count II of Plaintiff's Complaint fails to state a claim upon which relief can be granted since the complaint alleges that Fieldstone Mortgage Company loaned the money at issue to Defendants and there is no allegation of the assignment of any contractual claims of Fieldstone Mortgage Company to the Plaintiff or the LSF9 Master Participation Trust.

54. Count III of Plaintiff's Complaint fails to state a claim upon which relief can be granted since the complaint alleges that Fieldstone Mortgage Company loaned the money at issue to Defendants and there is no allegation of the assignment of any quantum merit claims of Fieldstone Mortgage Company to the Plaintiff or the LSF9 Master Participation Trust.

55. Count IV of the Plaintiff's Complaint fails to state a claim upon which relief can be granted since the complaint alleges that Fieldstone Mortgage Company loaned the money at issue to the Defendants and there is no allegation of the assignment of any unjust enrichment claims of Fieldstone Mortgage Company to the Plaintiff or the LSF9 Master Participation Trust.

56. Plaintiff's claims for relief are barred, reduced, subject to setoff and/or subject to recoupment on the ground that the Plaintiff is not the owner of the debt and/or mortgage upon which the Plaintiff's claims for relief are based.

57. Plaintiff's claims for relief are barred, reduced, subject to setoff and/or subject to recoupment on the ground of estoppel.

58. Plaintiff's claims for relief are barred, reduced, subject to setoff and/or subject to recoupment on the ground of violation of the Maine Consumer Credit Code.

59. Plaintiff's claims for relief are barred, reduced, subject to setoff and/or subject to recoupment on the grounds of violation of the Maine and Federal Truth in Lending Acts.

60. Plaintiff's claims for relief are barred, reduced, subject to setoff and/or subject to recoupment on the ground of violation of the Federal Real Estate Settlement Procedures Act.

61. Plaintiff has failed to accelerate the note at issue in this case.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that the Complaint be dismissed, for his costs, attorney's fees and for such further relief as the nature of the case may require.

RESPECTFULLY SUBMITTED,

DATED: October 16, 2018            /s/ Frank D'Alessandro
                                   FRANK D'ALESSANDRO, Bar # 3243
                                   ATTORNEY AT LAW
                                   PINE TREE LEGAL ASSISTANCE, INC.
                                   P.O. BOX 547
                                   88 FEDERAL STREET
                                   PORTLAND, ME. 04112
                                   (207) 400-3203

## CERTIFICATE OF SERVICE

I, Frank D'Alessandro, Esq., Pine Tree Legal Assistance, attorney for Anthony M. Brichetto, Defendant, hereby certify that on October 16, 2018 I electronically filed the above Answer with Affirmative Defenses of Defendants with the clerk of court using the CM/ECF system which will send notification of such filing to the following:

John A. Doonan, Esq.

To all other parties not electronically docketed pursuant to the Electronic Notice generated by the ECF/PACER system, namely Party in Interest Internal Revenue Service, I caused to be served a true and correct copy of the Defendant's Answer by mailing on this day, by First Class Mail, postage prepaid to:

Town of Bucksport Community Development Program
31 Central Street, Suite 208
Bangor, Me. 04401


DATED: October 16, 2018            /s/ Frank D'Alessandro
                                   FRANK D'ALESSANDRO, Bar # 3243
                                   ATTORNEY AT LAW
                                   PINE TREE LEGAL ASSISTANCE, INC.
                                   P.O. BOX 547
                                   88 FEDERAL STREET
                                   PORTLAND, ME. 04112
                                   (207) 400-3203